IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

| | | |
|---|---|---|
| **CHARLES E. FORTNER,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **Civil Action No. 3:05-0263** |
| | ) | **Criminal No. 3:03-0110** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on March 31, 2005. (Document No. 87.)[1] Movant has also filed an Memorandum in Support. (Document No. 88.) Respondent filed a Response on May 17, 2007. (Document No. 101.) Having examined the record, the undersigned finds that Movant has discharged his entire sentence in United States v. Fortner, Criminal No. 3:03-0110, including his term of supervised release. These circumstances render Movant's Section 2255 Motion moot, and the undersigned therefore respectfully recommends that this matter be dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 23, 2003, Movant was convicted of aiding and abetting possession with the intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). United States v. Fortner, Criminal No. 3:03-0110, Document No. 37. The District Court sentenced Movant on February 23, 2004, to a 41 month term of imprisonment and a three year term of supervised release and imposed

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

a $500 fine and $100 special assessment. (Id., Document No. 69.) Movant appealed his sentence claiming ineffective assistance of counsel, and the Fourth Circuit Court of Appeals affirmed Movant's sentence by decision dated December 8, 2004. United States v. Fortner, 117 Fed.Appx. 244, 2004 WL 2810177 (C.A.4(W.Va.)). The Fourth Circuit issued its Judgment on January 3, 2005. United States v. Fortner, Criminal No. 3:03-0110, Document No. 85. Movant did not seek review in the United States Supreme Court. Rather, Movant filed his Section 2255 Motion and Memorandum in Support on March 31, 2005. Movant states as the ground for his Section 2255 claim that his "Sixth Amendment rights were violated when the Court sentenced [him] to an illegal sentence." Movant states that "[t]he Court found that Movant had possessed a firearm and he received an enhancement for the firearm, without a jury finding, or an admission by the Movant." (Document No. 87, p. 4 at ¶ 12.) Movant cites the United States Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), on June 25, 2004, and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), on January 12, 2005, as creating a "new rule" and claims that he is "entitled to the retroactive application of the new rule." (Id., p. 9 at ¶ 13, and Document No. 88, pp. 3 - 4 and 6 - 7.)

      On April 7, 2005, the Court filed an Order and Notice Concerning Request for Post-Conviction relief under Blakely v. Washington notifying Movant that because the law respecting the retroactive applicability of Blakely was unsettled, this matter was held in abeyance pending rulings of the appellate Courts on the issue. (United States v. Fortner, Criminal No. 3:03-0110, Document No. 91.) Movant filed a Response in Opposition to the Order of the Court on April 28, 2005, asserting that the retroactivity of Blakely was not an issue. (Id., Document No. 92.) By Order filed on September 15, 2006, the Court required Respondent to file a response to Movant's Section

2255 Motion. (Id., Document No. 94.) The Bureau of Prisons' Inmate Locator indicates that Movant was released from custody on March 30, 2007. He would have begun his term of supervised release at that time. About a month and a half later, the United States filed a Response to Movant's Section 2255 Motion on May 17, 2007. (Document No. 101.) Without addressing the firearm enhancement about which Movant complained, Respondent stated that Movant's sentence "was not enhanced, or in any way increased, by factual determinations not found by the jury beyond a reasonable doubt. He was convicted of possession with the intent to distribute for remuneration a quantity of marijuana, and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. That conviction placed him in a guideline range of 33 - 41 months. Defendant was sentenced well within that range. No sentencing objection, either made at the time he was originally convicted, or even now, would alter the validity of that result." (Id., p. 3.) Respondent further states that Movant's claim is moot because of his release from custody.[2] (Id.) By Order filed on May 18, 2007, the Court notified Movant that he could file a reply to Respondent's Response. (Document No. 102.) Movant did not do so. Having been on supervised release for nearly two years, Movant filed a Motion for Early Discharge from Supervised Release on March 23, 2009, stating that he was compliant under supervision and needed to care for his wife as she was ill. (Document No. 104.) On March 26, 2009, Respondent filed a Response to Movant's Motion for Early Discharge from Supervised Release stating that Respondent had no objection. (Document No. 106.) On March 27, 2009, the Court granted Movant's Motion and terminated his supervised release. (Document No. 107.)

---

[2] As discussed below, Movant's Motion herein did not become moot when Movant was released from custody. Rather, he was considered to be "in custody" while he served his term of supervised release.

**DISCUSSION**

Article III, Section 2 of the United States Constitution provides that Federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973).

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). A case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy the case-or-controversy requirement of Article III of the United States Constitution. Lewis v. Continental Bank Corp., 494 U.S. at 477 - 478, 110 S.Ct. at 1253 - 1254. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." United States v. Pregent 190 F.3d 279, 283 (4th Cir. 1999). The Movant's Motion continues to be viable therefore

while he is on supervised release. Smith v. United States, 2009 WL 2213480, *1 (S.D.W.Va.)(Chief Judge Goodwin). When a change occurs, however, which eliminates a Section 2255 Movant's interest in the outcome or need for the requested relief, the case becomes moot. Hurt v. United States, 2009 WL 36491, *3 (S.D.W.Va.)(District Judge Faber). The termination or expiration of the term of supervised release and complete discharge of the sentence is such a change. (Id.)

According to the BOP's Inmate Locator, Movant was released from custody on March 30, 2007. Movant was on supervised release following his release from custody for about two years. While he was on supervised release, his Section 2255 Motion continued to be viable. On March 27, 2009, the Court terminated Movant's supervised release. Movant had served his entire sentence at that point in time, and there could be no "collateral consequences" beyond that point in time. Movant's claim in this Section 2255 proceeding was no longer viable as it no longer presented a live case or controversy. It therefore became moot. Consequently, the Court can no longer consider Movant's Motion, and this matter must be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed on March 31, 2005. (Document No. 87.) as moot.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert C. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28,

United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk is requested to transmit a copy of this Proposed Findings and Recommendation to counsel of record.

Date: June 9, 2010.

R. Clarke VanDervort
United States Magistrate Judge